## PHŒNIX PORTLAND CEMENT CO. v. BALTIMORE & OHIO R. CO.*

(Circuit Court' of Appeals, Third Circuit. December 13, 1920.)

No. 2561.

Carriers ⊚⟩41—Delivery of coal to carrier with order to consign to customer not delivery to carrier for customer, where taken under priority contract.

Loading coal on cars of defendant railroad company by a coal company at its mine and giving the conductor shipping orders directing that the cars be taken to the scale station, to which point only cars were moved on the shipping orders, and where they were consigned and waybills issued, and that they be there consigned to plaintiff, a contract customer, *held* not a delivery of the coal to defendant as carrier for plaintiff, which was not present and had no part in the transaction, where defendant had a contract with the coal company for fuel coal, giving it the right of priority over all other orders, and under which, pursuant to its terms, defendant took the coal for its own use and notified the coal company of its action.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action at law by the Phœnix Portland Cement Company against the Baltimore and Ohio Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 263 Fed. 230.

Paul C. Hamlin, Samuel D. Matlack, and William Jay Turner, all of Philadelphia, Pa., for plaintiff in error.

H. B. Gill, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the Phœnix Portland Cement Company, a corporation of Pennsylvania, brought suit against the Baltimore & Ohio Railroad Company, a corporation of Maryland, to recover some $9,000, the market price of coal, alleged to have been the property of the plaintiff, delivered to the defendant for transportation, but which the latter failed to deliver. At the conclusion of the proofs, the trial judge gave peremptory instructions for the defendant, saying:

"After a very careful consideration of the evidence in this case I have come to the conclusion that the plaintiff has not made out a case to go to the jury. In my opinion, under the law, the title to the property in question never passed to the plaintiff."

On entry of judgment on such verdict, this writ of error was taken, and the sole question before us is whether the case was one which should have been submitted to the jury. On this question, the court, in an opinion printed in 263 Fed. 230, refusing a new trial, gave a history of the case and the reasons which led it to take the action complained of.

We have carefully considered the case and the opinion in question. We agree with the conclusion reached and with the reasons and reasoning on which the judge relied. Such being the fact, the question

⊚⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. ——. 41 Sup. Ct. 376, 65 L. Ed. ——.

being one of proof of title and no principle of law being involved, we are satisfied to adopt the opinion of the trial court as the opinion of this court, for manifestly the effort of this court could only be to state in other words what has been by the trial judge well and sufficiently stated in the opinion quoted, only noting that, while the delivery of the cars to the conductor with the "car conductor's cards," without further explanation, would possibly, in the absence of countervailing proof, have been evidential of title; but, when the further and uncontradicted proofs of the real situation were shown, there existed no ground on which the jury could have found that title to this coal ever passed to the plaintiff.

The plaintiff, the cement company, was not a participant or present when the acts which it alleged vested title in it to the coal were done. Any title, therefore, it was to acquire, had to be acquired solely by reason of the acts and dealings of the railroad and the coal company. Manifestly the coal company, in view of its own contract giving the railroad prior fuel rights, rights which the railroad was continuously insisting upon, and to enforce which it was continuously appropriating commercial coal, and at the same time giving notice that it would continue such course until such contract priority rights were met—manifestly, we say, the coal company could not, in the teeth of such a situation, change the contract created and the then working situation of buyer and seller between it and the railroad to one of common carrier and shipper, by handing these customary "car conductor's cards" to a conductor gathering cars on a spur coal road, the duty of which conductor was simply to haul coal cars to a contract-designated routing station on the main line, where alone bills of lading could be issued.

Where, as in this case, the court below looked at substance and the real situation of the parties and the gist of the proofs, the contention of the plaintiff that it acquired title to this coal carried no weight, and the conclusion of the trial judge in that regard has our concurrence.

The judgment below is affirmed.